UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARK SKOLWECK,

Plaintiff,

v.          4:12-cv-227

GARDEN CITY, GEORGIA, BRIAN JOHNSON, City Manager, RONALD FELDNER, Deputy City Manager, CHARLES DRAEGER, Director of Water Operations, PAM FRANKLIN, Human Resources Director,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Counts I Through III of Second Amended Complaint Against Defendants Johnson, Feldner, Franklin, and Draeger for failure to state a claim. ECF No. 19.

In this motion to dismiss, Defendants argue the Georgia Whistleblower Act ("GWA") does not provide for claims against individuals. *Id.* at 4-7; *see* O.C.G.A. § 45-1-4 (Supp. 2010). Therefore, Defendants assert, Counts I and III should be dismissed against Johnson, Feldner, Franklin, and Draeger in their individual capacities. *Id.*

Skolweck claims that because the GWA allows public employees to seek "[a]ny other compensatory damages allowable at law[,]" Georgia's statute waiving immunity for government officers in certain situations[1] provides for liability against Johnson, Feldner, Franklin, and Draeger in their individual capacities. *See* ECF No. 20 at 2-3 (citing O.C.G.A. § 45-1-4(e)(2)(E)). He also claims punitive damages are allowed because they can attach to compensatory damages, which § 36-33-4 provides. *See* ECF No. 20 at 3.

The Court agrees with Defendants that the GWA does not provide for claims against individuals. Nor are punitive damages appropriate under the GWA. But Defendants' motion asks for a bit too much. So, for the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

### II. BACKGROUND[2]

After the Court granted in part and denied in part Defendants' first motion to dismiss, *see* ECF No. 16, Skolweck filed his second amended complaint. ECF No. 17. Count I asserts claims under the GWA. *See id.* at 6, ¶ 39. Claim II seeks punitive damages for violations of the GWA.[3] *Id.* at 6. And Count III requests attorney's fees pursuant to § 45-1-4(f) should Skolweck prevail on his GWA claims. *Id.* at 6-7. Defendants now seek to have the Court dismiss those three counts.[4]

### III. ANALYSIS

---

[1] O.C.G.A. § 36-33-4 provides that "[m]embers of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law."

[2] For the underlying facts in this case, the Court refers readers to the facts section of its Order on Defendants' first motion to dismiss. *See* ECF No. 16 at 1-2.

[3] The language of Count II does not state that it seeks punitive damages under the GWA. But since Skolweck also requests punitive damages stemming from the § 1983 violations he asserts, *see* ECF No. 17 at 9, ¶ 56, the Court concludes Count II must refer to the GWA.

[4] The amended complaint pleads additional counts that are not the subject of the instant motion to dismiss.

The Court's analysis first sets out the relevant portions of the GWA, and then evaluates the propriety of Counts I-III.

### A. The GWA

The GWA prohibits public employers from retaliating against public employees "for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency." O.C.G.A. § 45-1-4(d)(2). Nor may a public employer retaliate for a public employee "objecting to, or refusing to participate in, any activity, policy, or practice of the public employer that the public employee has reasonable cause to believe is in violation of or noncompliance with a law, rule, or regulation." *Id.* at (d)(3). Crucially, the GWA only protects public employees from public employers—not from other employees or individuals.

The GWA also defines 'public employer,' 'public employee,'[5] and 'retaliation.' "'Public employer' means the executive, judicial, or legislative branch of the state . . . or any local or regional governmental entity that receives any funds from the State of Georgia or any state agency." *Id.* at (a)(4). And retaliation refers to "any . . . adverse employment action taken by a public employer against a public employee in the terms or conditions of employment for disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or government agency." *Id.* (a)(5).

In providing a private right of action, the GWA states that "[a] public employee who has been the object of retaliation *in violation of this Code section* may institute a civil action in superior court." *Id.* at (e)(1) (emphasis added). Plaintiffs may seek a variety of relief "[i]n any action brought pursuant to [(e)(1)]," including "[a]ny . . . compensatory damages allowable at law." *Id.* at (e)(2)(E).

### B. Counts I-III

#### 1. Count I

Defendants' motion to dismiss argues that the GWA does not provide a cause of action against individuals, only public employers. ECF No. 19 at 7. In response, Skolweck asserts that Defendants are liable in their individual capacities under the GWA because § 45-1-4(e)(2)(E) implicitly incorporates O.C.G.A. § 36-33-4 and its provision of individual liability for certain acts by government officials. *See* ECF No. 20 at 2. Skolweck's argument is unpersuasive.

The GWA provides a cause of action for public employees "who ha[ve] been the object of retaliation *in violation of this Code section*." O.C.G.A. § 45-1-4(e)(1) (emphasis added). Only in "action[s] brought pursuant to [(e)(1)]," however, can a court order "any . . . compensatory damages available at law." *Id.* at (e)(2). So, for the relief Skolweck claims includes § 36-33-4 and its allowance for individual liability to be available, he must bring suit for retaliation that violates the GWA.

But the GWA only prohibits retaliation by public employers. *Id.* at (d)(2), (3). And the definition of 'public employer' necessarily excludes individuals from its ambit. *See id.* at (a)(4). In fact, retaliation by its very definition is something only public employers can engage in. *See id.* at (a)(5). Simply put, there is no cause of action against individuals

---

[5] The parties do not dispute that Skolweck qualifies as a public employee. *See, e.g.*, ECF No. 4 at 3-5.

under the GWA and therefore no mechanism by which to incorporate O.C.G.A. § 36-33-4. To the extent that Skolweck asserts GWA claims against any defendant in his or her individual capacity those claims are *DISMISSED*.

The Court notes, however, that Count I of Skolweck's Second Amended Complaint only purports to hold "the *City* . . . liable for any or all of the types of relief set forth in O.C.G.A. § 45-1-4(e)(2)(A-E)." *See* ECF No. 17 at 6, ¶ 39 (emphasis added). And the City is arguably a public employer, unlike individual defendants. More importantly, Skolweck's complaint adequately pleads facts supporting that conclusion. Count I against the City therefore survives and Defendants' request for dismissal is *DENIED*.

*2. Count II*

Count II requests punitive damages for violations of the GWA "to deter future similar conduct by Defendants." ECF No. 17 at 6. Skolweck argues that because compensatory damages under the GWA are available against individuals, punitive damages may attach as well. *See* ECF No. 20 at 3.

As the Court noted in its Order of October 18, 2012, punitive damages cannot be recovered against the City. *See* ECF No. 16 at 9. And since the GWA will not support claims against individuals, any request for punitive damages against individual defendants based on violations of the GWA is also inappropriate. Count II is accordingly *DISMISSED*.

*3. Count III*

Count III seeks attorney's fees allowed to prevailing public employees by O.C.G.A. § 45-1-4(f). ECF No. 17 at 6. Similar to Count I, to the extent Count III requests fees for violations of the GWA by individuals, it is *DISMISSED*. But any request in Count III for attorney's fees predicated on GWA claims against the City survives. Defendants' motion as it regards the City's inclusion in Count III is *DENIED*.

### IV. CONCLUSION

Counts I and III against any and all Defendants in their individual capacities are *DISMISSED*. But Counts I and III as against the City *SURVIVE*, and Defendants' motion in this regard is *DENIED*. Count II is *DISMISSED* as to all Defendants.

This 3 day of ~~November~~ December 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3